## Miller v. Pennington.

1. A judgment on an original attachment in a sister State, is *prima facie* evidence of the debt here, though without personal service.
2. There being in the record a plea, and demurrer thereto, undisposed of, the cause must be remanded, and final judgment cannot be here rendered.

This was an action of debt brought in Perry Circuit Court in 1824, by W. Miller against J. Pennington, to recover on an exemplification of the record of a judgment obtained by him in Jasper county, Georgia, in 1819, for $584, and costs. The declaration was in the usual form, founded on said judgment; to which the defendant pleaded *nul tiel record*, and also a special plea in bar. Issue was taken on the first plea, and the second was demurred to. At April term, 1825, the Circuit Court gave judgment for the plaintiff on the plea of *nul tiel record*, and sustained the demurrer to the second plea. At January term, 1827, in this Court, on a writ of error, sued out by Pennington, said judgment was reversed, and the cause was remanded. At November term, 1827, a trial was had, and the plaintiff produced an exemplification of the record in Georgia, which appeared to be on a debt recovered by process of original attachment, which was levied on land, and founded on a bond with condition to make title to land, dated in 1809. The ground of the attachment was, that Pennington was a non-resident of Georgia, and there was no personal service of process on him in Georgia. The Court, on this evidence, gave judgment for the defendant, to which the plaintiff excepted.

Miller now assigns for error, that the issue of *nul tiel record* was improperly determined by the Court, and that there was error in giving judgment for the defendant.[a]

Gordon, Perry, and Beene, for the plaintiff in error.

Thorington, for the defendant.

[a] 7 Cranch, 481. 3 Whea. 234. 9 Mass. R. 464-5. 1 Peters, 74-8. 1 Day, 168. Act of Cong. of 1790.

By JUDGE COLLIER. The Court below gave judgment for the defendant on the plea of *nul tiel record*, because the suit in Georgia was prosecuted against the defendant by attachment as a non-resident debtor, and it did not appear that he was advised of its pendency. We are of opinion that the exemplification is *prima facie* evidence

JANUARY 1830.

Miller
v.
Pennington.

———

a Ante page,
124.

of a valid judgment, and that to shew it to be otherwise, it is necessary that the defendant should impugn its validity by special plea: for any thing appearing to the contrary, the defendant may, while in the State where the attachment was sued out, have acquired a knowledge of its pendency. On the question now involved, the opinion of this Court given at last term, in *Hunt & Condry v. Mayfield,*[a] is deemed decisive.

Though we are of opinion that the Court below erred, we cannot render a judgment here for the sum claimed by the plaintiff, as there appears in the record another plea undisposed of. The judgment below is therefore reversed, and the cause is remanded.

JUDGE TAYLOR not sitting.